779 So.2d 729 (2001)
Herman WILLIAMS and Eisibe Williams
v.
US AGENCIES CASUALTY INSURANCE COMPANY, INC. et al.
No. 2000-C-1693.
Supreme Court of Louisiana.
February 21, 2001.
Thomas E. Gibbs, Baton Rouge, Counsel for Applicant.
Zelda W. Tucker, John W. Wilson, Shreveport, Counsel for Respondent.
JOHNSON, Justice.[1]
We granted certiorari to resolve a conflict among our circuit courts as to whether LSA-R.S. 32:900(L) permits a "named insured" to exclude himself from coverage by listing himself as an "excluded driver" under the automobile policy purchased by him to insure his automobile. Contrary to the 5th Circuit Court of Appeal's holding in Smyre v. Progressive Security Insurance Company, 726 So.2d 984 (La.App. 5 Cir.1998), which held that public policy does not prohibit such an exclusion, the District Court and the 2nd Circuit Court of *730 Appeal, in the instant case, held that such an exclusion was indeed against public policy. For the reasons stated herein, we affirm the lower courts' findings that La. R.S. 32:900(L) cannot be interpreted to allow the named insured to exclude himself as an insured operator under his automobile liability policy, as it is against public policy.

FACTS AND PROCEDURAL HISTORY
On April 12, 1997, plaintiffs, Herman L. Williams and Eisibe Williams, were injured in a "hit and run" automobile collision between their vehicle and a 1980 Oldsmobile owned and operated by defendant, William N. Beaudoin.[2] Plaintiffs filed suit against defendant, U.S. Agencies Casualty Insurance Company, Inc. (U.S. Agencies), alleging that it provided Beaudoin automobile liability insurance coverage at the time of the accident. Prior to trial, Beaudion stipulated that he was the owner and operator of the vehicle involved in the collision and that he was legally at fault. It was also stipulated that Beaudoin's vehicle was insured with U.S. Agencies in a policy issued November 22, 1996. However, Beaudoin signed a "named driver" exclusion which purported to exclude Beaudoin from insurance coverage under his own policy. Relying on this exclusion, U.S. Agencies denied liability for the damages sustained on the ground that Beaudoin was excluded as a driver under the insurance policy obtained by him. Plaintiffs also sued their UM insurer, Allstate, who denied coverage because plaintiffs had not proven the non-existence of the responsible party's primary coverage, a prerequisite for their UM coverage to be invoked.
The District Court found, as a matter of law, that the "named driver" exclusion, excluding Beaudoin from coverage, was invalid and contrary to public policy, and granted judgment in favor of plaintiffs and against U.S. Agencies. The District Court reasoned that insurance companies cannot eliminate or modify the requirement that insurance policies provide coverage for the negligence of the named insured. US Agencies appealed this ruling and the resulting judgment granting damages to plaintiffs. The plaintiffs answered the appeal, claiming that the damages awarded were inadequate.
The court of appeal affirmed the ruling of the District Court, also finding that the "named driver" exclusion excluding the named insured, Beaudoin, was contrary to public policy. The court of appeal also affirmed the District Court's ruling as to the damages awarded to plaintiffs.[3] We granted certiorari to determine the correctness of the lower courts' decision.[4]Williams v. U.S. Agencies Casualty Insurance Co., XXXX-XXXX (La.9/29/00), 769 So.2d 1217.

DISCUSSION
Louisiana's compulsory insurance law, La. R.S. 32:861, requires that every motor vehicle registered in this state, with limited exception, be covered by either an automobile liability policy, a liability bond or a certificate of selfinsurance. The purpose of this compulsory law is not to protect the vehicle owner or operator against liability, but to provide compensation for persons injured by the operation of insured vehicles. Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App. *731 2 Cir.1983), writ denied, 440 So.2d 754 (La.1983). Generally, insurance companies are free to limit coverage in any manner they so desire. However, an insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Block v. Reliance Ins. Co., 433 So.2d 1040 (La. 1983); Oceanonics, Inc. v. Petroleum Distrib. Co., 292 So.2d 190 (La.1974). Exclusionary provisions are to be strictly construed in favor of coverage. Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, amended, 95-0809 (La.4/18/96), 671 So.2d 915.
LSA-R.S. 32:900B(2) requires that a policy of insurance issued to a named insured/owner provide liability insurance coverage to the owner of said vehicle covered under the policy. The statute reads, in pertinent part:
B. Such owner's policy of liability insurance:
* * *
(2) Shall insure the person named therein and any other person, as insured, using any such vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the Unites States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(Emphasis Added).
La. R.S. 32:900B(2)
Louisiana courts have historically held that the exclusion of a named driver who was a member of the insured's household was considered unenforceable on public policy grounds. However, La. R.S. 32:900 was amended in 1992 by the addition of subsection L which provides:
L. Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person which is a resident of the same household as the named insured.
The 1992 amendment expressly overruled the jurisprudence and thereafter validated an agreement between the insurer and insured which excluded coverage of a particular named person who is a member of the insured's household. This court has stated that the purpose of this provision is to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by the excluded driver. Joseph v. Dickerson, 99-1046, 99-1188 (La.1/19/00), 754 So.2d 912. Since the enactment of subsection L, this Court has upheld named driver exclusions which excluded members of the insured's household from coverage under the policy. See Bellard v. Johnson, 96-0909 (La.1997), 694 So.2d 225 (in which the named insured excluded his spouse). See also Green v. Bailey, 29,759 (La.App. 2 Cir. 8/20/97), 698 So.2d 715 (in which the named insured excluded his son) and Carter v. Patterson, 96-0111 (La.App. 4 Cir.5/22/96), 675 So.2d 736 (in which the named insured excluded his daughter).
The issue before us today is whether the legislature intended that the 1992 amendment to La. R.S. 32:900 permit an insured to exclude from coverage, not only members of the insured's household, but also the owner of the policy and vehicle insured thereunder. US Agencies contends that this was indeed the intention of the legislature. It argues that the use of the word "any" in subsection L is very consequential in that allowing an insured to exclude "any named" household member certainly permits the named insured to exclude himself from coverage. US Agencies argues that because Beaudoin was a member of his own household, he could validly be excluded as a covered person under the policy insuring his vehicle. Therefore, U.S. Agencies argues that it is not responsible for the damages caused by *732 the negligent operation of the vehicle by Beaudoin. We disagree.
A review of the legislative discussions and comments surrounding the enactment of the 1992 amendment to add subsection L, reveals that the purpose for the enactment was simply to make it clear that if someone was to be excluded in a household, it must be done by written agreement. We find nothing in the legislative comments or discussion which would lead to the conclusion that the legislature intended that the named insured on the policy may be listed as an excluded driver under that same policy.
In further support of its argument, U.S. Agencies cites Smyre v. Progressive Security Insurance Company, 726 So.2d 984 (La.App. 5 Cir.1998), in which the court, finding that the insurance statutes neither provide for or against such action, held that the named insured on a liability policy may exclude himself or herself from coverage. In Smyre, the court reasoned, "we can foresee many instances in which a person may need to purchase a vehicle for the use of others in his/her household, but cannot for some reason of health or law obtain a driver's license or otherwise operate the vehicle.... It is unfortunate that in this case the owner of the vehicle and named insured allegedly violated the law by driving without a license and without insurance covering him and then became involved in an accident." Smyre, 726 So.2d @ 986.
The holding in Smyre is in direct conflict with the Second Circuit Court of Appeal's decision in the case sub judice. We must now resolve this apparent conflict among our circuits as to whether the allowance of such an action is violative of Louisiana's public policy. We do not agree with the rationale in Smyre in holding that an insured may validly exclude himself from coverage under his own insurance policy. Regarding the general public policy of the state, this Court stated the following in Marcus v. Hanover Ins. Co., Inc., 98-2040 (La.6/4/99), 740 So.2d 603:
The Louisiana Motor Vehicle Safety Responsibility Law, found in La. R.S. 32:851-1043, provides a mandatory, comprehensive scheme designed to protect the public from damage caused by motor vehicles. Simms v. Butler, 97-0416 (La.12/2/97), 702 So.2d 686; Hearty v. Harris, 574 So.2d 1234, 1237 (La.1991). This statutory scheme is intended to attach financial protection to the vehicle rather than to the operator. Hearty, 574 So.2d at 1237. Pursuant to La. R.S. 32:861 and 862, every owner of a motor vehicle registered in Louisiana is required to obtain proof of security prior to registration and/or the issuance of a driver's license. Louisiana R.S. 32:861(A)(1) allows an owner of a motor vehicle to comply with this requirement of obtaining an automobile liability policy that contains liability limits as defined by La. R.S. 32:900(B)(2).
Our interest in protecting the driving public far outweighs an insured's desire to exclude himself from coverage in order to avail himself of a lower premium. To allow an insured to exclude himself from coverage and drive as an uninsured motorist, runs afoul of the overall purpose and intent of Louisiana's compulsory insurance law. In the instant case, Beaudoin, as did the insured in Smyre, supra, purchased liability insurance coverage, purported to exclude himself as a driver of his own vehicle, and then caused an accident resulting in injury. This court will not uphold such actions at the expense of the injured person whom our statutory insurance law is designed to protect. Clearly, the legislature did not intend that citizens such as these plaintiffs would suffer injury, and a tortfeasor would escape liability because he waived the mandatory liability coverage which is required by statute. We find that an automobile insurance policy may not exclude the named insured of a vehicle from coverage for the negligent operation of the insured vehicle.
We further disagree with U.S. Agencies argument as a matter of statutory construction. *733 The court of appeal below was correct in rejecting the overly broad construction of the term "any named person" in subsection L as suggested by U.S. Agencies. "La. R.S. 32:900B(2) clearly requires, inter alia, that a policy provide coverage for `the person named therein' the named insured. Subsection L refers specifically to the exclusion of coverage `for any named person' who is a `resident of the same household as the named insured' which clearly contemplates that the excluded person be distinct from the `named insured' yet still a resident of his household, as distinguished from a permissive user who would be covered under La. R.S. 32:900B(2)." Williams v. U.S. Agencies Casualty Ins. Co., Inc., 33200 (La. App. 2 Cir.5/15/00), 758 So.2d 1010. It is clear from a reading of La. R.S. 32:900 in its entirety, that a named insured, such as Beaudoin, is not considered within the same category as "any named person," to whom subsection L authorizes to be listed as an excluded driver under the policy.
For the reasons assigned, we find that the court of appeal was correct in holding that in amending La. R.S. 32:900 to add subsection L, the legislature did not intend that an insured may, by written agreement, exclude himself from liability coverage under his policy by listing himself as an "excluded driver." Because we find that Beaudoin's and U.S. Agencies' purported contract to exclude Beaudoin from liability coverage is against public policy, the purported exclusion provision is invalid and cannot be upheld. Accordingly, we find that U.S. Agencies is obligated to pay the damages awarded to the plaintiffs by virtue of the insurance policy it had in effect insuring Beaudoin and his vehicle at the time of the accident.
AFFIRMED.
VICTORY, J., concurs with reasons.
TRAYLOR, J., dissents and assigns reasons.
VICTORY, Justice (concurring).
I concur in the result reached by the majority. La. R.S. 32:900B(2) provides that an owner's policy of liability insurance
(2) Shall insure the person named therein ... for damages arising out of the ownership, maintenance, or use of such motor vehicle.... [Emphasis added].
In this case, an endorsement was attached to the policy which provided in pertinent part:
... [I]t is hereby agreed that insurance is not afforded by this policy while any vehicle is being used, driven, operated or manipulated by, or under the care of:
William N Beaudoin [Emphasis added].
William Beaudoin was the owner of the vehicle involved in this accident and the owner of the insurance policy at issue.
Automobile liability policies protect the innocent motoring public against damages that arise as a result of negligent operation of vehicles. However, they also protect the motoring public from legal liability arising out of latent defects and negligent maintenance of a vehicle, with which an owner is chargeable as the custodian of a defective thing, even where there is no negligence in the operation of the vehicle.
We held in King v. Louviere, 543 So.2d 1327 (La.1989) that the owner of a vehicle, rather than a driver who has not been charged with maintenance of the vehicle, is liable for damages when an automobile accident arises out of a latent defect in a vehicle in his care or "garde." Thus, in a case where the driver of a vehicle is non-negligent and has not been charged with maintenance, the owner (and the driver's liability insurer) can properly defend against a liability claim, even though the defect in the vehicle he was driving caused the accident. Under our law, the responsibility for damages in such a case rests with the owner of the vehicle when it remains in his care.
*734 Because the owner is the party liable for damages caused by his vehicle's defects, a policy provision that excludes him from coverage would leave the motoring public unprotected whenever such an exclusion has been attached to a policy and an accident occurs as a consequence of a latent defect in a vehicle that remains under the care and custody of its owner. For instance, if the owner of a vehicle with faulty brakes lends the vehicle to a friend who has an accident as a consequence of the brake failure, the injured party could sue the owner's insurer. That insurer would cover the friend as an omnibus insured. However, the insurer would have a good defense of the omnibus insured, who is not legally responsible for damages arising from unknown vehicle defects in the vehicle he is driving. If there is no coverage for the owner because of a policy exclusion, the innocent injured third party may have no effective recovery. This result would defeat the public policy manifested in the compulsory insurance law and La. R.S. 32:900B(2), which provides that an owner's policy shall insure against loss arising out of ownership, maintenance, or use.
Accordingly, I concur in the result reached by the majority as to the particular exclusion at issue in this case.
TRAYLOR, J., dissenting.
The majority's decision ignores the plain language of the statute which specifies that "any named person" can be excluded from liability coverage under subsection L. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent. La. Civ. Code art. 9; Cat's Meow, Inc. v. City of New Orleans Through Dept. of Fin., 98-0601, p. 15 (La.10/20/98), 720 So.2d 1186, 1198.
The full quote from the Fifth Circuit's opinion in Smyre discussed the valid reasons that the owner of a vehicle may wish to exclude himself from coverage:
We can foresee many instances in which a person may need to purchase a vehicle for the use of others in his/her household, but cannot for some reason of health or law obtain a driver's license or otherwise operate the vehicle. The person should not be required to pay premiums to cover his/her driving when he/she cannot drive, nor should the insurance company be forced to cover an illegal or incapable driver. It is unfortunate that in this case the owner of the vehicle and named insured allegedly violated the law by driving without a license and without insurance covering him and then became involved in an accident. However, his conduct cannot be used to infringe on the rights of other responsible persons whose circumstances may require them to exclude themselves from insurance coverage, or the right of insurers to exclude illegal drivers.

Smyre v. Progressive Security Insurance Company, 726 So.2d 984, 986 (La.App. 5 Cir.1998) (emphasis added). There is no difference between a person who has no insurance in the first place, and one who has no coverage by excluding himself from a liability policyboth are illegally choosing to drive without liability coverage. Louisiana's comprehensive insurance coverage scheme specifies UM coverage to cover the gap created by the motorist who chooses to drive without insurance. Because the interpretation of subsection L to include exclusion of the owner of the vehicle does not lead to absurd consequences, I respectfully dissent.
NOTES
[1] James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.
[2] The record does not reveal how plaintiffs became aware of defendant's identity after the "hit and run" or how and when defendant was apprehended such that plaintiffs were able to proceed against his insurer.
[3] The trial court awarded plaintiffs, Herman Williams and Eisebe Williams, damages totaling $5,502.72 and $6,187.19, respectively.
[4] The issue of damages was not argued to this Court, therefore, the only issue discussed in this Opinion is that of the "named driver" exclusion under LSA-R.S. 32:900(L).