NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-799


AMY LYN SMITH

VERSUS

CASEY R. LYONS, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2011-0637
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**PHYLLIS M. KEATY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Phyllis M. Keaty, Judges.


**Saunders, J., concurs in the result.**

                                                                **AFFIRMED.**

**Jeffery F. Speer**
**Michael A. Rainey**
**Doucet-Speer, APLC**
**Post Office Drawer 4303**
**Lafayette, Louisiana  70502-4303**
**(337) 232-0405**
**Counsel for Plaintiff/Appellant:**
        **Amy Lyn Smith**

**Anthony M. Butler**
**Christina R. Valdes**
**Attorney at Law**
**5420 Corporate Boulevard, Suite 103**
**Baton Rouge, Louisiana  70808**
**(225) 926-1810**
**Counsel for Defendant/Appellee:**
    **US Agencies Casualty Insurance Company**

**P. Brian Derouen**
**The Derouen Firm, LLC**
**Post Office Box 61592**
**Lafayette, Louisiana  70596**
**(337) 205-8734**
**Counsel for Plaintiff/Appellee:**
    **Casey R. Lyons**

**KEATY, Judge.**

Amy Lyn Smith (Smith) appeals from a judgment rendered in favor of USAgencies Casualty Insurance Company, Inc. (USA) dismissing her claims against it and declaring that it had no further duty to defend Casey Lyons (Casey) in this suit. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

This litigation was filed by Smith following an accident that occurred on February 13, 2010, between vehicles being operated by Smith and Casey. The vehicle operated by Casey was insured under a liability policy issued by USA to Casey's wife, Holly Lyons (Holly). Casey was excluded from coverage under the policy via a named driver exclusion executed by Holly. USAgencies answered Smith's suit by denying coverage for the accident based entirely upon the exclusion of Casey under the policy.

USA filed a motion for summary judgment on the issue of coverage. Smith opposed the motion, contending that the law does not permit the owner of a vehicle to be excluded from a policy of insurance covering that vehicle in the absence of any physical or mental impairment precluding the owner's ability to drive the vehicle. After a hearing, the trial court found that Casey, as the spouse of the named insured Holly, was properly excluded from coverage under the policy. Accordingly, judgment was rendered in favor of USA dismissing Smith's claims against it and declaring that USA had "no further duty to defend Casey Lyons as a result of the instant suit."

Smith now appeals. In her sole assignment of error, she claims that the trial court erred in granting summary judgment by holding that La.R.S. 32:900(L) permits the owner of a vehicle to be excluded from a policy of insurance on his own vehicle without limitation.

## DISCUSSION

Appellate courts are to review summary judgments on a de novo basis under the same criteria governing the district court's consideration of whether a summary judgment is appropriate. The motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute which can be resolved properly within the framework of a motion for summary judgment.

*Johnson v. Allstate Ins. Co.*, 95-1953, p. 3 (La.App. 1 Cir. 5/10/96), 673 So.2d 345, 347, *writ denied,* 96-1292 (La. 6/28/96), 675 So.2d 1126 (citations omitted).

In *Williams v. U.S. Agencies Casualty Insurance Co.*, 00-1693, pp. 4-5 (La. 2/21/01), 779 So.2d 729, 731, the Louisiana Supreme Court was tasked with resolving a split amongst the circuit courts as to "whether the legislature intended that the 1992 amendment to La. R.S. 32:900 permit an insured to exclude from coverage, not only members of the insured's household, but also the owner of the policy and vehicle insured thereunder." The supreme court began its analysis by examining this state's compulsory insurance scheme. It stated:

Louisiana's compulsory insurance law, La. R.S. 32:861, requires that every motor vehicle registered in this state, with limited exception, be covered by either an automobile liability policy, a liability bond or a certificate of selfinsurance. The purpose of this compulsory law is not to protect the vehicle owner or operator against liability, but to provide compensation for persons injured by the operation of insured vehicles. Generally, insurance companies are free to limit coverage in any manner they so desire. However, an insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Exclusionary provisions are to be strictly construed in favor of coverage.

*Williams*, 779 So.2d at 730-31 (citations omitted). The supreme court then quoted

La.R.S. 32:900(B)(2) which provides, in pertinent part, as follows:

B. Such owner's policy of liability insurance:

. . . .

2

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle. . . .

In *Williams*, 779 So.2d at 731, the court also noted that while courts in Louisiana "have historically held that the exclusion of a named driver who was a member of the insured's household was considered unenforceable on public policy grounds," the legislature had recently amended La.R.S. 32:900 to add Subsection L which provides, in pertinent part, as follows:

(1) Notwithstanding the provisions of Paragraph (B)(2) of this Section, **an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured**. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the written agreement. It shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term "named insured" means the applicant for the policy of insurance issued by the insurer.

The facts of *Williams* are similar to those present in the instant case. After an automobile accident that was admittedly caused by the fault of William Beaudoin, suit was filed against him and his alleged liability insurer, USAgencies Casualty Insurance Company (USAgencies). USAgencies denied coverage for the accident based upon an exclusion that Beaudoin, the owner of the vehicle, had previously executed excluding himself from coverage under the policy. The trial court held that the exclusion was contrary to public policy, and thus, invalid. After USAgencies appealed, the court of appeal affirmed, and the supreme court granted certiorari to determine the correctness of the lower courts' rulings. Ultimately, the supreme court held that in amending La.R.S. 32:900 to add Subsection L, "the legislature did not intend that an insured may, by written agreement, exclude

3

himself from liability coverage under his policy by listing himself as an 'excluded driver.'" *Williams*, 779 So.2d at 733.

Following *Williams*, the legislature amended La.R.S. 32:900(L) to expressly allow for the exclusion of the named insured as well as the spouse of the named insured under an automobile liability insurance policy. In doing so, the legislature explicitly stated, "It is the intent of this Act to legislatively overrule the decision in the case of *Williams v. USAgencies Casualty Insurance Co.*, No. 00–C–1693 (La. February 21, 2001)." *See* 2001 La. Acts No. 368, § 2.

In her brief to this court, Smith admits that the current version of La.R.S. 32:900(L) "does provide that named insureds can be excluded and contains no limitation on the circumstances wherein a named insured can be excluded, the statute must be read *in pari materia* with La.R.S. 32:861 [] to balance the competing interests of the compulsory insurance law and avoid absurd consequences." Smith contends that a "strict reading of subsection L alone would seem to allow the simultaneous exclusion of every single person who might have been covered by the policy," resulting in a policy of insurance that excluded any possibility of actual coverage. She submits that while such a policy would have low premiums, "the lack of covered drivers on the road would pose serious danger to the driving public." Smith further insists that allowing the owner of a vehicle who has no legal, physical, or mental impairment which would prevent his safe use of that vehicle to exclude himself from coverage, especially when it appears that he intends to drive that vehicle, is not what the legislature intended for La.R.S. 32:900(L) to allow.

USA counters that it is simply not reasonable to read into La.R.S. 32:900(L) a requirement that a vehicle owner could only exclude himself from coverage if he was unable to personally operate that vehicle when the legislature failed to

incorporate such a requirement when it amended the statute in 2001. Moreover, USA submits that the legislature necessarily considered the compulsory insurance law, along with the public policy implications involved, when it amended La.R.S. 32:900(L). Finally, USA cites as a legitimate reason for allowing vehicle owners to exclude themselves from coverage the numerous instances where parents purchase vehicles for their children to use while away at college.

In its reasons for judgment in the instant case, the trial court wrote:

> Defendant, USAgencies, moves for Summary Judgment claiming no liability under the automobile policy it issued to Holly Lyons, under the terms of which she expressly excludes Casey Lyons as an authorized driver. The court finds that summary judgment is appropriate because the exclusion of Casey Lyons as a driver is valid under Louisiana Revised Statutes 32:900L(1), which states that an insurer and an insured may by written agreement exclude from coverage anyone even the named insured or the spouse of the named insured.

The law of this state clearly allows the owner of a vehicle to purchase liability insurance on that vehicle and to exclude himself from coverage under the policy, regardless of his ability to safely operate that vehicle. As the Louisiana Supreme Court has long recognized, "The function of the court is judicial and not legislative. It cannot make the law; it can only interpret and enforce it. It cannot disregard [an] express legislative enactment. . . ." *Reid v. Brunot*, 96 So. 43, 45-46 (La.1923). *See also*, *Harrah's Bossier City Inv. Co., LLC v. Bridges*, 09-1916 (La. 5/11/10), 41 So.3d 438; La.Const. art. II, § 1 and 2. Accordingly, after having performed a de novo review, we find that summary judgment was properly granted in favor of USA based upon the named driver exclusion signed by Holly excluding her husband Casey as an insured under the policy.

## DECREE

For the forgoing reasons, the judgment rendered in favor of USAgencies Casualty Insurance Company, Inc. dismissing Amy Lyn Smith's claims against it

5

and declaring that it had no further duty to defend Casey Lyons in this suit is affirmed. All costs of this appeal are assessed against Amy Lyn Smith.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.