HANS J. LILJEBERG, Judge.
| ¡.Defendant-appellant, Imperial Fire <& Casualty Insurance Company (“Imperial”), *1187 seeks review of the trial court’s May 11, 2015 Judgment in favor of plaintiffs-appel-lees, Chad Bourg, Jr. and Alexis Gorman. The trial court determined coverage existed under an automobile liability policy which Imperial issued to Vernon Southall, Sr., and entered a judgment awarding damages to the plaintiffs. For the following reasons, we reverse the trial court’s judgment and dismiss plaintiffs’ claims against Imperial with prejudice.
This matter involves a motor vehicle accident which occurred on April 18, 2010. Plaintiff, Alexis Gorman, was stopped at á red light at the intersection of Barataría and Lapalco Blvds. when she was struck from behind by a vehicle owned and operated by Vernon Southall, Sr. Plaintiff, Chad Bourg, Jr., was a passenger in Ms. Gorman’s vehicle. Police initially issued a citation to Vernon Southall, Jr., [¡¡born in 1973, for careless operation and first offense driving while intoxicated. Imperial contends Vernon Southall, Sr., born in 1954, falsely identified himself as Vernon Southall, Jr. at the accident scene. As a result, police later reissued the citation to Vernon Southall, Sr.[1] The citation indicated he was driving a 1999 Pontiac, VIN No. 1G2NE52E3XC561402, at the time of the accident.
On April 13, 2011, plaintiffs filed this lawsuit against Vernon Southall, Jr., alleging he was the operator of the vehicle at the time of the accident. Plaintiffs also sued Vernon Southall, Sr. (hereinafter referred to as “Southall’’), alleging he was the owner of the vehicle, and sued Imperial as Southall’s insurer. In its answer, Imperial alleged Southall was the operator of the vehicle at the time of the accident and he was an excluded driver under its policy.
On December 30, 2013, Imperial filed a summary judgment motion. In its motion, Imperial argued its policy did not provide coverage because Southall was operating the vehicle at the time of the accident and when he applied for the policy, he signed a document entitled “Named Driver-Exclusion Selection” which excluded himself from coverage under the policy. The trial court denied the summary judgment motion and in its reasons for judgment stated that genuine issues of material fact existed as to whether it was Vernon Southall, Jr. or Vernon Southall, Sr. who was responsible for plaintiffs’ damages. .
Plaintiffs and Imperial tried this matter by beiich trial on March 24, 2015. At the beginning of the trial, the parties entered into the following stipulation regarding the named driver exclusion and the automobile liability policy Imperial issued to Southall:
MR. OBERLE:
14Judge, also, I think we have a stipulation with regard to some records I wanted to introduce. Specifically, I have a copy which I’ve identified as D1 as a policy issued — a certified policy issued to Vernon Southall, which said policy was in force on the date of the accident which brings us together today.
It identifies, of course, excluded operator as Verrion Southall, made a part of that policy is the named, driver exclusion, which we’ve discussed with the Court before, identifying Vernon Sout-hall, Sr. date of birth 7/17/1954 as the excluded operator. The policy, I’d offer that as Dl, Your .Honor.
THE COURT:
Counselor?
MR. STEEL:
*1188 We stipulate to that. No objection, Your Honor,
The first page of the policy, entitled “Endorsement Declaration,” indicates “Vernon Southall” is the named insured and lists him as an excluded driver under the policy. The policy period was from November 29, 2009 through May 29, 2010, with an effective date of December 14, 2009. The list of insured vehicles includes a 1999 Pontiac Grand Am, VIN No. 1G2NE52E3XC541402. The second page' of the policy is entitled “Named Driver Exclusion Selection” and dated November 24, 2006. This page lists “Vernon Sout-hall, Sr.” as an excluded driver, and though the signature line is blank, the document is signed by “Vernon Southall” at the bottom of the page.
The parties also stipulated to enter plaintiffs’ medical records, as well as the traffic citation and Second Parish Court records in Case No. S1155788, wherein Southall pleaded guilty to a first offense violation of 14:98(A), Driving While Intoxicated.[2] The trial testimony consisted of the plaintiffs’ testimony regarding the accident and their injuries. ' The trial court took the case under advisement. On | sMay 11, 2016, the court rendered judgment against Imperial and in favor of plaintiff, Chad Bourg,- Jr., for $7,225.05, and in favor of plaintiff, Alexis Gorman, for $10,139. 20.
The trial court also issued Reasons for Judgment explaining that it ruled against Imperial on the coverage issue because the differing dates on the námed driver exclusion and the policy led it to believe the policy at issue was a new policy, as opposed to a renewal policy.[3] The trial- court also found the “exclusion policy language dated on November 24, 2006 leads the Court to believe that Vernon Southall, Sr. could not exclude himself from this policy of Insurance.”
On May 20, 2015, Imperial filed a petition for suspensive appeal, which the trial court granted on May 21, 2015.

LAW AND DISCUSSION

In its first assignment of error, Imperial argues the trial court abused its discretion by concluding plaintiffs met their initial burden to prove Southall was insured under its policy for the accident at issue. Imperial specifically argues that plaintiffs failed to prove .the vehicle which Southall was driving at the time of the accident was a covered vehicle.
When determining whether or not a policy affords coverage for an incident, it is the burden of the insured or plaintiff to prove the incident falls within the terms of the policy. Mateu v. State Farm Mut. Auto. Ins. Co., 08-1208 (La. App. 5 Cir. 4/28/09), 13 So.3d 196, 198. The insurer, however, bears the burden to prove exclusions to coverage. Id.
Imperial did not previously challenge the fact that the vehicle driven by Southall at the time of the accident was a covered vehicle under the policy. Rather, in its answer, Imperial admitted its insured was operating a 1999 Pontiac Grand |fiAm at the time of the accident. Furthermore, the citation which police issued to Southall indicates he was driving a 1999 Pontiac, VIN No. 1G2NE52E3XC561402. The policy declaration page indicates Imperial insured Southall’s 1999 Pontiac Grand Am with VIN No. 1G2NE52E3XC541402. While these identification numbers differ *1189 by one digit, likely due to a typographical error, we find the trial court did not abuse its discretion by determining that plaintiffs met their initial burden to establish the vehicle driven by Southall at the time of the accident was a covered vehicle.
In its second assignment of error, Imperial argues the trial court abused its discretion by finding the named driver exclusion did not preclude liability coverage to Southall. Imperial contends the parties stipulated the named driver exclusion was a part of the policy and Louisiana law does not require a named driver exclusion form to include a date. Therefore, it argues the trial court could not use the different dates on the named driver exclusion and the policy to conclude Imperial and Southall had entered into a new policy.
The Named Driver Exclusion Selection provides as follows:
It is agreed that the insurance" afforded by this policy shall not apply with respect to any claim which occurs due to the ownership, operation, maintenance, or use of any vehicle(s) described in this policy or any other vehicle(s) to which the terms of the policy are extended, either with or without the permission of the named insured while being operated by: /
Name SOUTHALL, VERNON, SR. DOB 07/17/1954 Relationship SELF
* * * The named insured further agrees that the Company shall not be liable and no liability or obligation of any kind shall attach to the Company for any negligence or liability, vicarious or otherwise, which may be imputed by-law to the named insured arising out of the maintenance, operation or use of a motor vehicle by the excluded person. Nothing contained in this provision shall vary, waive, alter or extend any other terms or conditions of the. policy. This provision shall supersede any policy provisions to the contrary .and shall take effect simultaneously with such policy.
|7It is further agreed that this Named Driver Exclusion shall apply to this policy, all subsequent renewal policies, any rewrites, reinstatements, replacements, substitutions, or any other continuation of coverage, either with or without a lapse issued by this company, or any affiliated company unless the . named insured revokes this provision.
The 'policy’s insuring agreement also contains similar language regarding the exclusion of coverage for a fiamed insured:
PART A — LIABILITY COVERAGE INSURING AGREEMENT
C. If you .have asked us to exclude from coverage the named insured, ... the insurance afforded by.this policy shall not apply with respect to any accident or loss that occurs during the operation, maintenance, or use of any vehicle or vehicles by the excluded person. No liability or obligation of any kind will attach to us for any negligence or liability, vicarious or otherwise, that may be imputed by law to you or any other insured person, arising out of the ownership, operation, maintenance, or use of a vehicle by the excluded person.
An insurance- policy is an agreement between parties and should be interpreted using ordinary contract principles. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). Insurance companies have the right to'limit coverage in any manner they desire, as long as the-' limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., 93-1480 (La.04/11/94), 634 So.2d 1180, 1183. -- Louisiana’s automobile insurance law requires omnibus coverage in favor of *1190 any person using an insured vehicle with the permission or consent of the' named insured. The Louisiana Legislature, however, added subsection (L) to La. R.S. 32:900, which creates exceptions to the general rule of omnibus coverage. Filipski v. Imperial Fire & Casualty Insurance Co., 09-1013 (La.12/1/09), 25 So.3d 742, 744.
■ La. R.S. 32:900(L) currently provides in pertinent part:- -
|R(1) Notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. ⅜ ⅜ ⅜
(2) The form signed by the insured or his legal representative which excludes a named person from coverage shall remain valid for the life of the policy and shall not require the completion of a new driver exclusion form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer of any of its affiliates. Any changes to an existing policy, including but not limited to the addition of vehicles or insured drivers to said policy, regardless-of whether these changes create new coverage,-do not create a new policy and do not require the completion of a new agreement excluding a named person from coverage. For the purpose of this Subsection, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer. [Emphasis added.]
In 2001, the Louisiana legislature enacted La. Acts 2001-, No: 368, § 1, which rewrote subsection L of LSA-R.S. 32:900 to specifically provide that a named insured could enter into a written agreement to exclude himself from coverage. In Hawkins v. Redmon, 09-2418 (La.7/6/10), 42 So.3d 360, 367, the Louisiana Supreme Court provided a detailed explanation regarding the reasons and history behind why the Louisiana legislature added this language:
The sole purpose for the exclusion in LSA-R.S. 32:900(L) was and is premium reduction. Williams v. Watson, 01-0495, p. 7 (La.10/16/01), 798 So.2d 55, 59. As we recognized in Joseph v. Dickerson, 99-1046, p. 9 (La.1/19/00), 754 So.2d 912, 917, the purpose of the exclusion ‘is to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by the excluded driver.’
Another split among the appellate court circuits arose shortly thereafter over the issue, of whether a person who purchases liability insurance to comply with LSA-R.S. 32:900(B), and would ordinarily be a named insured under the policy, may contract with the insurer to exclude himself or herself pursuant to LSA-R.S. 32:900(L). The fifth circuit court answered this question affirmatively in Smyre v. Progressive Security Insurance Co., 98-0518, 98-0519 (La.App. 5 Gir. 12/16/98), 726 So.2d 984, writ denied, 99-0139 (La.6/4/99), 745 So.2d 14. Noting that it would be unreasonable to require a. person to pay premiums to cover a vehicle owner who cannot drive due to incapacity or a legal impediment, the fifth -circuit concluded that such an exclusion was not prohibited by the compulsory insurance law or public policy. The court stated: ‘[A] person may need *1191 to purchase a vehicle for the use of others in his/her household, but cannot for some reason’of health or law obtain a driver’s license or otherwise operate the vehicle. The person should not be rer quired to pay premiums to cover his/her driving when he/she cannot drive.’ Id., 98-0518, 98-0519 at 7, 726 So.2d at 986. In considering the issue of whether the purchaser of liability insurance could exclude himself/herself, the second circuit, in Williams v. U.S. Agencies Casualty Insurance Company, Inc., 33,200 (La. App. 2 Cir. 5/15/00), 758 So.2d 1010, reached a result contrary to that of the fifth circuit. Calling, the fifth, circuit’s interpretation of the relevant statptory provisions 'an overly broad construction’ which required a ‘semantic leap’ in determining the intent of the legislature in enacting LSA-R.S. 32:900(L), the second circuit concluded a named insured could not exclude himself from his’ liability policy coverage. Id., 33,200 at 3-4, 758 So.2d at 1013-1014.
This court granted a Writ and adopted the reasoning of the' second circuit instead of that of the fifth circuit and overruled Smyre, supra, thus achieving a narrow construction of LSA-R.S. 32:900(L). Williams v. U.S. Agencies Casualty Insurance Company, Inc., 00-1693 (La. 2/21/01), 779 So.2d 729. The majority of the court stated: ‘Our interest in protecting the driving public far outweighs an insured’s desire to exclude himself from coverage in order to avail himself of a lower premium.’ Id., 00-1693 at-6, 779 So.2d at 732. As a matter of statutory construction, the court rejected the insurer’s argument that the term ‘any named person’ in subsection L could be interpreted as including the purchaser of the insurance. Id., 00-1693 at 7, 779 So.2d at 732-733. The court found LSA-R.S. 32:900(B)(2) clearly required that a policy provide coverage for ‘the person named therein,-’ i.e., the named insured; subsection L refers specifically to • the exclusion of coverage ‘for any named person’ who is a ‘resident of the same household as the named insured.’ Thus, the majority concluded: ‘It is clear from a reading of La. R.S. 32:900 in its entirety, that a named insured ... is hot considered within the same category as ‘any named person,’ . . whom subsection L authorizes, to be listed as an .excluded driver under the policy.’ Id., 00-1693 at 7, 779 So.2d at 733.
The legislature reacted promptly by enacting La. Acts 2001, No. 368, § 1, which rewrote subsection L of LSA-R.S. 32:900, the Motor Vehicle Liability Policy statute. In Section 2 of the same act the legislature specified that the amendment of this subsection was intended to supercede the holding in Williams v. U.S. Agencies \ ^Casualty Insurance Company, Inc., in which the majority of this court adopted the narrow interpretation of subsection L.
Therefore, La. R.S. 32:900(L) clearly allows the owner of a vehicle to purchase liability insurance on a vehicle and to exclude himself from coverage under the policy. See Hawkins, 42 So.3d at 367; Sensebe v. Canal Indemnity Co., 10-0703 (La.1/28/11), 58 So.3d 441, 451. Furthermore, this provision does not set forth any specific requirements with respect to the form ,to exclude a named person from coverage; the only requirement is a written agreement. See Gilbert v. Reynoso, 05-418 (La.App. 3 Cir. 11/2/05), 917 So.2d 503, 505-06.
La. R.S. 32:900(L)(2) provides that a form excluding a named insured or any other person from coverage remains valid for the life of the policy unless the named insured enters into a new policy. This *1192 provision limits the definition of a “new policy” to one “an insured enters into through the completion of an application on the form required by the insurer.” Id. Changes in the terms of an existing policy do not create a new policy. La. R.S. 32:900(L)(2) further explains that a new driver exclusion form is not required when an insurer issues a renewal, reinstatement, substitute, or amended policy to the same named insured.
As discussed above, the ■ parties stipulated the named driver exclusion was a part of the policy entered into evidence before the trial court. We further note the policy declaration page listed him as an excluded driver and there is no evidence in the record to indicate Southall completed a new application for insurance with Imperial after November 2006. Therefore, after reviewing the entire record and considering that La. R.S. 32:900(L)(2) provides a named driver exclusion is valid for the life of the policy, we find the trial court abused its discretion when it determined the differing dates on the named driver exclusion and policy established that Imperial and Southall'entered into a new policy.
|nWe further find- that the trial' court erred by finding Southall could not exclude himself from coverage under the policy. As explained above, La. R.S. 32:900(L)(1) explicitly allows a named insured to exclude himself from coverage. Because we have determined the trial court abused its discretion by finding coverage existed under Imperial’s policy, we will not address Imperial’s final assignment of error which contends the trial' court erroneously awarded damages in excess of poliey limits.

DECREE

Based on the foregoing, we find the trial court abused its discretion by.finding defendant, Imperial Pire & Casualty Company, liable for plaintiffs’ damages. Therefore, we reverse the trial court’s judgment and dismiss the-claims of plaintiffs, Chad Bourg, Jr. and Alexis Gorman, against defendant, Imperial Fire & Casualty Company, with prejudice.

REVERSED

CHEHARDY, C.J., dissents with reasons.

. Vernon Southall, Sr, pleaded guilty to a first offense violation of La. R.S. 14:98(A), Driving While Intoxicated on May 21, 2012.

. Following trial, the parties and trial court agreed Vernon Southall, Sr. was operating the vehicle at the time of the accident. "

. Pursuant to La. R.S. 32:900(L)(2), discussed more fully below, the issuance of a new policy would have required Southall to execute a new driver exclusion form in order to remove himself from coverage.