694 So.2d 1001 (1997)
Rene MALDONADO
v.
Newburn PORTER, Edward Thompson, Bert B., Tony T., and Waite Hill Insurance Company.
No. 96-CA-839.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
Davy P. Laborde, New Orleans, for Plaintiff/Appellant.
Robert L. Walsh, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, for Defendant/Appellee Colony Insurance Company.
Before GAUDIN, C.J., and GRISBAUM and DALEY, JJ.
DALEY, Judge.
Renee Maldonado appeals the trial court's grant of summary judgment in favor of defendant, Colony Insurance Company, (hereinafter Colony) recognizing the assault and battery exclusion contained in the policy of insurance issued to its insured, defendant T.O.P., Inc., d/b/a Act IV Ski Lodge. For the following reasons, we affirm.
Plaintiff works as a bartender in the area of Metairie known as Fat City. When she got off of work at 6:00 a.m. on February 13, 1993, she went to the Ski Lodge lounge to meet a friend who worked there. Upon entering the *1002 lounge, a group of patrons seated at the bar began to harass and verbally abuse her. She conferred with her friend and, subsequently decided to leave. Upon her return at about 7:00 a.m., the same group of people was seated at the bar and again began to harass and threaten her; however, this time they also knocked her to the ground then beat and kicked her.
Plaintiff filed suit against a number of defendants including the Ski Lodge Lounge, their owners and insurers seeking to recover for her injuries. The Ski Lodge's insurer, Colony, provided a policy of insurance for comprehensive general liability which included an "Assault and Battery endorsement." Based on this provision, Colony moved for summary judgment and submitted a certified copy of the applicable insurance policy. This policy includes an Assault and Battery exclusion which reads:
This insurance does not apply to bodily injury or property damage arising from:
A) Assault and Battery committed by an insured, any employee of insured, or any other person, whether committed by or at the direction of any insured;
B) The failure to suppress or prevent Assault and Battery by any person in (A) above;
C) The negligent hiring, supervision or training of any employee of the insured;
D) The use of reasonable force to protect persons or property intended from the standpoint of the insured or at the direction of the insured.
In Reynolds v. Select Properties, Ltd., 634 So.2d 1180, 1182, 93-1480 La. 4/11/94, (La. 1994) the Louisiana Supreme Court, in reviewing the rules pertaining to the issue of insurance coverage on a motion for summary judgment, stated:
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La. 1981). The burden is on the mover to establish that no material fact issues exist. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600, 605 (La. 1986). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder, 591 So.2d at 345.
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). The parties' intent, as reflected by the words of the policy, determine the extent of coverage. La.Civ. Code art. 2045; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 93-0911, p. 5, 630 So.2d 759, 763 (La.1994). Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. Interstate, 630 So.2d at 763; La.Civ. Code art. 2047. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Interstate, 630 So.2d at 763. Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La. 1991). However, if after applying the other *1003 rules of construction an ambiguity remains, the ambiguous provision is to be construed against the drafter and in favor of the insured. Interstate, 630 So.2d at 763-64.
The purpose of liability insurance is to afford the insured protection from damage claims. Policies therefore should be construed to effect, and not to deny, coverage. Thus, a provision which seeks to narrow the insurer's obligation is strictly construed against the insurer, and, if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied. Garcia v. St. Bernard School Bd., 576 So.2d 975, 976 (La.1991); Breland v. Schilling, 550 So.2d 609, 610 (La.1989).
It is equally well settled, however, that subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Oceanonics, Inc. v. Petroleum Distrib. Co., 292 So.2d 190 (La.1974). As this court stated in Commercial Union Insurance Co. v. Advance Coating Co., 351 So.2d 1183, 1185 (La.1977), quoting Muse v. Metropolitan Life Insurance Co., 193 La. 605, 192 So. 72 (1939):
The rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed, or to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties....
See also Miramon v. Woods, 639 So.2d 353, 25,850 La.App. 2 Cir. 6/22/94, (La.App. 2 Cir.1994).
Colony supported its Motion for Summary Judgment with a certified copy of the applicable insurance policy which provided an assault and battery exclusion. It was then incumbent on plaintiff to show, by affidavit, deposition or otherwise, material factual issues that would preclude summary judgment. Plaintiff has not met this burden. She simply argues that the exclusion was not properly a part of the policy and, if it is part of the policy, is inapplicable to this matter because the attack was committed by patrons of the bar, not an employee.
We note the policy clearly reflects that the Assault and Battery exclusion was a part of the policy at the time of this incident. Further, as noted in the language of the exclusion, the exclusion includes an assault and battery committed not only by employees of the insured but also by "any other person." Plaintiff argues that the bar owner has an obligation to protect patrons from harm by third parties. While the bar owner and employees have this duty, the applicable insurance policy specifically excludes coverage for the "failure to suppress and prevent an assault and battery". Accordingly, we see no error in the trial court's grant of Summary Judgment in favor of Colony.
Concerning the trial court's denial of plaintiff's Motion for Summary Judgment, we also see no error. Plaintiff has not supported her motion with any affidavits, depositions or other evidence to show the existence of a genuine issue of material fact. The certified copy of the policy at issue and submitted by Colony provides for medical payments for bodily injury except when excluded under Coverage A. Damages as of a result of Assault and Battery are excluded under Coverage A. Based on this exclusion, the trial court properly denied plaintiff's Motion for Summary Judgment.
For the reasons assigned, the trial court judgment is affirmed. Plaintiff to bear all costs of this appeal.
AFFIRMED.