726 So.2d 984 (1998)
Fashima SMYRE, individually and as natural tutrix of her minor children, Chantell A. Smyre and Brian K. Smyre and Mary Mack
v.
PROGRESSIVE SECURITY INSURANCE COMPANY, Daniel Struewing, Sheila Struewing, State Farm Mutual Automobile Insurance Company, Adrienne Duhe and Paul Duhe.
Mary Mack and Florida International Indemnity Company
v.
Daniel Struewing, Paul Duhe, Progressive Security Insurance Company and State Farm Insurance Company.
Nos. 98-CA-518, 98-CA-519.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
Robert D. Peyton, Christovich & Kearney, Pan American Life Center, New Orleans, Louisiana, Attorney for Appellant.
David E. Walle, Ralph G. Breaux, New Orleans, Louisiana, Attorneys for Appellee Florida International Indemnity Company.
Sandra Cosby, Fredrick A. Miller & Associates, Metairie, Louisiana, Attorney for Appellees State Farm Mutual Automobile Insurance Company, Adrienne Duhe & Paul Duhe.
*985 Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and JAMES L. CANNELLA.
CANNELLA, Judge.
Defendant, Progressive Security Insurance Company (Progressive), appeals from the trial judge's denial of its' Motion for Summary Judgment and from the trial judge's granting of a Motion for Summary Judgment filed by co-defendant, Florida International Insurance Company (Florida International). The summary judgment filed by Florida International, which the trial judge granted, holds that Progressive provided insurance coverage to one of the alleged tortfeasors in a four-car automobile accident case. We reverse both the denial and granting of the two Motions for Summary Judgment. We grant Progressive's Motion for Summary Judgment, finding that the policy which it issued to one of the tortfeasors excluded the driver of the vehicle. Further, it dismisses with prejudice Progressive from the case.
On June 20, 1996, a four-car accident occurred in Marrerro, Louisiana. Defendant, Daniel Struewing, was driving a vehicle, owned by him and/or his wife, Sheila Struewing and insured by Progressive, when he allegedly struck in the rear a vehicle driven by defendant, Paul Duhe. The Duhe car was owned by Adrienne Duhe and insured by State Farm Mutual Automobile Insurance Company (State Farm). The Duhe vehicle, in turn, allegedly rear-ended a car that was driven by plaintiff, Fashima Smyre, which was owned by plaintiff, Mary Mack, and insured by plaintiff, Florida International.
On May 29, 1997, Mary Mack and Fashima Smyre (Smyre) filed suit against Progressive, Sheila and Daniel Struewing, State Farm Mutual Automobile Insurance Company, Adrienne and Paul Duhe. Smyre sued for her personal injuries and for injuries to her two minor children who were passengers in the car. Mary Mack was named a plaintiff in the Smyre suit asking for reimbursement of property damages to her vehicle. On June 18, 1997, Mary Mack and Florida International filed a separate suit for property damages to the car. That matter was transferred and consolidated with the Smyre suit.
In September, Florida International filed an intervention in the Smyre suit.
On September 9, 1997, Progressive filed a Motion for Summary Judgment that Daniel Struewing was excluded from coverage under the policy. Florida International filed an opposition to the motion and a cross Motion for Summary Judgment on the coverage issue. On December 22, 1997, the trial judge granted the motion filed by Florida International, declaring that Daniel Struewing was covered under the policy and denied Progressive's Motion for Summary Judgment. The trial judge found that public policy and the insurance statutes prohibit an owner of a vehicle, who purchases liability insurance on said vehicle, from excluding himself from coverage. Progressive then filed a Motion for Devolutive Appeal, which the trial judge granted.
We initially note that, under the amendments to La.C.C.P. art.1915, neither of these judgments is final for purposes of appeal. As a result, we issued an order to the trial judge requesting a decision as to the appealability of the judgments pursuant to art.1915. The trial judge certified the matters as appealable and we reviewed the decision pursuant to Berman v. DeChazal, 98-81 (La.App.5th Cir 5/27/98), 1998 WL 265126, 717 So.2d 658. We determined that the matters are appealable in this case.
On appeal, Progressive argues that the trial judge erred in determining that Daniel Struewing is covered under the policy in light of the specific exclusion in the endorsement. Progressive argues that the trial judge erred in finding that public policy and the insurance statutes prohibit an owner of a vehicle, who purchases liability insurance on said vehicle, from excluding himself from coverage.
La.R.S. 32:861 provides:
A. (1) Every self-propelled motor vehicle registered in this state ..., shall be covered by an automobile liability policy
...
(2) It shall be the duty of the registered owner of a motor vehicle to maintain the security hereinabove required. Failure to maintain said security shall subject the *986 registered owner to the sanctions hereinafter provided in Sections 863, 864, and 865 of this Part ...
An automobile liability policy:
[B] (1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles...
D. Such motor vehicle liability policy shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefor, the policy period and the limits of liability, and shall contain an agreement or be endorsed that insurance is provided thereunder in accordance with the coverage defined in this Chapter as respects bodily injury and death or property damage, or both, and is subject to all the provisions of this Chapter ...
F. Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein ...
(4) The policy, the written application therefor, if any, and any rider or endorsement which does not conflict with the provisions of the Chapter shall constitute the entire contract between the parties....
L. Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured....
The insurance policy at issue provides that Daniel Struewing is the named insured and contains an omnibus clause for permitted drivers. An endorsement attached to the policy specifically excludes Daniel Struewing as a covered driver or operator of the covered vehicle. This was allegedly because he did not have a valid driver's license due to a DWI conviction. According to his deposition, Daniel Struewing understood that he was not covered under the policy.
La. C.C.P. art. 966 provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Under the amendment to the article in 1997, the summary judgment is favored, but the burden of proof remains with the movant.
The purpose of liability insurance is to afford the insured protection from damage claims. Maldonado v. Porter 96-839 (La.App. 5th Cir. 4/9/97), 694 So.2d 1001, 1003. However, subject to the rules of contract interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Oceanonics, Inc. v. Petroleum Distrib. Co., 292 So.2d 190 (La.1974); See: Maldonado v. Porter, 694 So.2d at 1003.
We find no cases that determine or discuss this issue, that is, whether the owner of a vehicle who purchases liability insurance and/or the named insured on a liability policy may exclude himself or herself from coverage. Furthermore, the insurance statutes neither provide for or against such action. After our consideration of the arguments by the parties, we conclude that public policy does not prohibit such an exclusion. We can foresee many instances in which a person may need to purchase a vehicle for the use of others in his/her household, but cannot for some reason of health or law obtain a driver's license or otherwise operate the vehicle. The person should not be required to pay premiums to cover his/her driving when he/ she cannot drive, nor should the insurance company be forced to cover an illegal or incapable driver. It is unfortunate that in this case the owner of the vehicle and named insured allegedly violated the law by driving without a license and without insurance covering him and then became involved in an accident. However, his conduct cannot be used to infringe on the rights of other responsible persons whose circumstances may *987 require them to exclude themselves from insurance coverage, or the right of insurers to exclude illegal drivers. Thus, we find that the exclusion is valid and coverage is not provided for any liability of Daniel Struewing as a driver of one of the cars in the accident.
Accordingly, the judgments of the trial court granting the Motion for Summary Judgment filed by Florida International and denying the Motion for Summary Judgment filed by Progressive are hereby reversed. Summary judgment is hereby granted in favor of Progressive, holding that Progressive provided insurance coverage to one alleged tortfeasor and dismissing it from the case, with prejudice.
Costs of appeal are to be paid by Florida International.
JUDGMENT GRANTING THE MOTION FOR SUMMARY JUDGMENT OF FLORIDA INTERNATIONAL IS REVERSED. JUDGMENT DENYING THE MOTION FOR SUMMARY JUDGMENT OF PROGRESSIVE IS REVERSED AND MOTION IS GRANTED. SUIT AGAINST PROGRESSIVE IS DISMISSED WITH PREJUDICE.
DUFRESNE, J., concurs.
DUFRESNE, J., concurring.
I respectfully concur. Although I agree that there are no cases that determine or discuss this issue, this is an area that the legislature should address; otherwise individuals who have a DWI conviction could exclude themselves from coverage to avoid paying a higher premium and violate the law by continuing to drive the vehicle, and thus there could be no insurance coverage if they are involved in an accident. This would allow them to circumvent the law which requires all vehicles on the highway to be insured.