bCANNELLA, Judge.
Plaintiffs, Gay and Durel Burke, appeal from two summary judgments on the issue of insurance coverage in an automobile accident. Plaintiffs appeal from both the trial judge’s denial of their Motion for Summary Judgment and the trial judge’s granting of the Motion for Summary Judgment filed by defendant, Continental Casualty Company (Continental). We affirm both judgments.
Plaintiffs allege that on August 9, 1994, defendant, Erich Thibodeaux (Thibodeaux), injured plaintiff, Gay Burke, when he drove through a red traffic light and struck the car she was driving. Plaintiffs sued Thibodeaux and his insurer, Allstate Insurance Company, on March 23, 1995. Plaintiffs subsequently added as defendants, Thibodeaux’s employer, Rust Industrial Cleaning Services, Inc. (Rust) and its’ automobile liability insurer, Continental. Rust filed a Motion for Summary Judgment asserting that defendant, Thibodeaux, was not in the course and scope *66 of his employment at the time of the accident. The trial judge granted the motion and this holding was not appealed.
¡jOn November 19, 1997, plaintiffs filed a Motion for Summary Judgment alleging that the policy of insurance issued by Continental to Rust provides liability insurance to Thibo-deaux, regardless of whether he was in the course and scope of his employment with Rust. Continental filed a Motion for Summary Judgment on December 10, 1997 contending that the policy does not provide coverage. In January of 1998, the trial judge denied plaintiffs’ motion for summary judgment, granted Continental’s and dismissed plaintiffs’ action against Continental.
On appeal, plaintiffs assert that the trial judge erred in finding no coverage. Plaintiffs argue that the policy language should be interpreted in their favor because it is clear, or alternatively, because it is ambiguous.
We first note that under the amendments to La.C.C.P. art.1915, neither of these judgments is final for purposes of appeal. As a result, we issued an order to the trial judge requesting a decision as to the appealability of the judgments pursuant to art.1915. The trial judge certified the matters as appeal-able, we reviewed the certification pursuant to Berman v. DeChazal, 98-81 (La.App. 5th Cir 5/27/98), 717 So.2d 658 and determined that the judgments are appealable.
Section II Liability Coverage, A, states:
We will pay all sums an “insured” legally must pay as damages because of “bodily injury” or “property damage” to which this insurance applies, caused by an “accident” and resulting from the ownership, maintenance or use of a covered auto ...
Covered autos are selected in the Declarations page by the insured. The selection is made by placing a number next to the box describing the type of coverage. The definition section assigns a number to the various autos that may jibe selected for the types of insurance on the Declarations page. The number “1” is defined as “any auto.” On the Declarations page, number “1” was placed next to the box for “liability.”
The policy defines the insured in Section II, A.I., as follows:
a. YOU for any covered “auto”.
b. Anyone else while using with your permission a covered “auto” you own, hire, or borrow except:
(1) The owner or anyone else from whom you lime or borrow a covered “auto”....
(2) Your employee if the covered “auto” is owned by that employee or a member of his or her household....
The vehicle in this case was not owned, hired or borrowed by the employer. Thus, Thibodeaux is not an insured under this provision of the policy. However, the definition of an insured is expanded in Endorsement No.16. It states:
EMPLOYEES AS INSUREDS ...
The following is added to the LIABILITY COVERAGE WHO IS AN INSURED provision:
Any employee of yours is an “insured” while using a covered “auto” you don’t own, hire, or borrow in your business or your personal affairs.
Plaintiffs contend that Thibodeaux is an insured under this section because he was driving a covered auto (“any auto”), that was not owned, hired or borrowed by Rust for Rust’s business or personal affairs. Defendant asserts that the provision means that Thibodeaux had to be driving a covered auto that was not owned, hired or borrowed by Rust and that it was being used by Thibo-deaux in Rust’s business or personal affairs. Defendant asserts that if the court adopts plaintiffs’ interpretation, the. ludicrous result would be that all Rust employees bwould be covered by the policy when driving their own or someone else’s vehicle for reasons unrelated to Rust’s business or personal affairs.
SUMMARY JUDGMENT
La. C.C.P. art. 966 provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Under the amendment to the article in *67 1997, the summary judgment is favored, but the burden of proof remains with the movant.
INTERPRETATION
Subject to the rules of contract interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Oceanonics, Inc. v. Petroleum Distrib. Co., 292 So.2d 190, 192 (La.1974); See: Maldonado v. Porter, 96-839 (La.App. 5th Cir. 4/9/97), 694 So.2d 1001, 1003.
In Westerfield v. LaFleur, 493 So.2d 600, 605 (La.1986), the court stated that a summary judgment which finds that an insurance policy does not provide coverage may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion. See: Maldonado v. Porter, 694 So.2d at 1002.
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993); See: Maldonado v. Porter, 694 So.2d at 1002. The parties’ intent is reflected by the words of the policy and determines the extent of coverage. La.C.C. art. 2045; Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759, 763; See: Maldonado v. Porter, 694 So.2d at 1002. Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La.C.C. 1002.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 630 So.2d at 763; See: Maldonado v. Porter, 694 So.2d at 1002. Where the language in the policy is clear, unambiguous and expressive of the intent of the parties, the agreement must be enforced as written. See: Maldonado v. Porter, 694 So.2d at 1002; Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La.1991). However, if an ambiguity remains after applying the other rules of construction, the ambiguous provision is to be construed against the drafter and in favor of the insured. See: Maldonado v. Porter, 694 So.2d at 1003.
The purpose of liability insurance is to afford the insured protection from damage claims. Id. at 1003. Policies, therefore, should be construed to effect and not to deny coverage. See: Maldonado v. Porter, 694 So.2d at 1002. Thus, if the language of an exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied. Id. at 1002-1003; Garcia v. St. Bernard Parish School Bd., 576 So.2d 975, 976 (La.1991).
In this case, we find that the relevant language of the policy in the Endorsement is not ambiguous. We further find that the words mean that the employee is covered by the Continental policy when he/she is driving a nonjowned7 (hired or borrowed) auto while in the pursuit of Rust’s business or personal affairs. Any other interpretation would be a strained enlargement. of the provisions beyond what is reasonably contemplated by the terms of the policy and would achieve an absurd conclusion. As Continental states, plaintiffs’ interpretation would result in coverage for all employees when, they were on their own time. We do not think the insurance company or employer intended that result. Thus, we find that the trial judge did not err in granting Continental’s Motion for Summary Judgment, denying plaintiffs’ motion and dismissing plaintiffs’ suit.
Accordingly, the judgment of the trial court denying plaintiffs’ Motion for Summary Judgment is hereby affirmed. Also, the judgment granting defendant’s Motion for Summary Judgment and dismissing plaintiffs’ suit is also affirmed.
Costs of the appeal are to be paid by plaintiffs.
AFFIRMED.