CHEHARDY, C.J.
hOn appeal, plaintiff seeks review of the trial court’s grant of summary judgment in *1009 favor of her employer’s commercial auto insurer denying uninsured motorist (UM) coverage for the named insured’s employee, who was injured in an accident while driving her personal vehicle in the course of her employment. For the reasons that follow, we find that the policy does not provide UM coverage in this case, and we affirm the trial court’s judgment.
Facts and Procedural History
On July 13, 2011, Kim Simon was involved in an automobile accident, when an underinsured driver rear-ended her while she was driving her personal vehicle in the course of her employment with LHC Group, Inc. (hereinafter “LHC”). At the time of the accident, National Union Fire Insurance Company of Pittsburg (hereinfter “National”) had issued a business auto liability policy to LHC, with a selection of uninsured/underinsured (“UM”) coverage for “owned ‘autos’ only.” In a supplemental petition for damages, Ms. Simon added National as a defendant, alleging that LHC carried and National provided UM coverage for the benefit of Ms. Simon.
On January 29, 2015, National moved for summary judgment on the grounds that LHC’s policy did not afford UM. coverage for Ms. Simon because her personal vehicle was not a “covered auto” as defined by the policy. To its motion, National attached a copy of the accident report, LHC’s insurance policy with the UM coverage form, business auto declarations, and definitions. In response, plaintiff filed an opposition to National’s motion for summary judgment on the UM coverage issue, urging that there was a genuine issue of material fact regarding coverage under the policy because the policy failed to describe specific vehicles as required by the final sentence of La. R.S. 22:1295(l)(e).
|aOn August 26, 2015, the trial court rendered and signed a judgment granting National’s motion and dismissing National from the lawsuit with prejudice. Ms. Simon now appeals, arguing that the trial court erred when it found that LHC’s policy failed to provide UM coverage for Ms. Simon while she was driving her personal vehicle.
Standard of Review
A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there' is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. Art. 966(B)(2).[1] Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria .applied by the trial court, to determine whether any genuine issue of material fact exists and whether the. mover is entitled to judgment as a matter of law. Richard v. Hall, 03-1488 (La. 4/23/04), 874 So.2d 131, 137.
Discussion
Interpretation of an insurance policy usually involves a legal question which can be resolved properly in the framework of a motion for summary judgment. Bonin v. Westport Ins. Corp., 05-0886 La. 5/17/06, 930 So.2d 906, 910. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Cadwallader v. Allstate Ins. Co., 02-1637 (La. 6/27/03), 848 So.2d 577, 580. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La. C.C. art. 2045. Words *1010 and phrases used in an insurance policy are to be construed using their plain, ordinary and generally |sprevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Carrier v. Reliance Ins. Co., 99-2573 (La. 4/11/00), 759 So.2d 37, 43. Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer’s liability and impose and enforce reasonable conditions upon the policy obligations that the insurer contractually assumes. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-911 (La. 1/14/94), 630 So.2d 759, 763.
If, after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage. Cadwallader, 848 So.2d at 580. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer. Louisiana Ins. Guar. Ass’n, 630 So.2d at 764. That strict construction principle, however, is subject to exceptions. Cadwallader, supra. One of these exceptions is that the strict construction rule applies, only if the ambiguous policy provision is susceptible to. two or more reasonable interpretations. Id. For the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. Id.
Although Louisiana’s public policy strongly favors UM coverage and a liberal construction of the UM statute, limitations on UM coverage are valid where they are authorized by statute. Galliano v. State Farm Mutual Auto. Ins. Co., 606 So.2d 580, 581 (La.App. 5th Cir.1992). A two-step analysis is employed in evaluating[1] whether an automobile insurance policy provides UM coverage: (1) the policy is first examined to determine whether UM’coverage is provided under the |4express provisions of the policy; (2) if no UM coverage is found under the policy provisions, then the UM statute is applied to determine whether statutory coverage is mandated. Green v. Johnson, 14-292 (La. 10/15/14, 149 So.3d 766, 778-79).
The starting point for'interpreting an insurance policy is an examination of the relevant policy provisions. The declaration page of the policy at issue lists the named insured as “LHC GROUP, INC.” Ms. Simon is not listed as a named insured. According to the policy, LHC purchased liability coverage for “all autos” but limited its selection of uninsured motorist coverage to its “owned ‘autos’ only.” It is undisputed that LHC does not own Ms. Simon’s personal vehicle. Thus, Ms. Simon was not occupying an insured auto at the time of the accident; therefore, the UM coverage was not selected for Ms. Simon’s vehicle in this case. Insurers have the right to limit coverage in any manner desired, so long as the limitations are clearly and unambiguously set forth in the contract and are not in conflict with statutory provisions or public poliey. Anderson v. State Farm Fire & Cas. Ins. Co., 10-0036 (La.App. 1 Cir. 7/16/10), 42 So.3d 1140, 1144.
Ms. Simon further submits that UM coverage is statutorily mandated because the policy did not describe the specific motor vehicles that were covered for uninsured motorists as required .by La. R.S. *1011 22:1295(l)(e).[2] That section provides, in pertinent part:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including the resulting death of an insured, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
Our review of the record reveals that National in its motion for summary judgment introduced the description of owned vehicles that were covered for | ¡¡damage caused by uninsured motorists, and Ms. Simon’s personal vehicle was not listed -or specifically described in the policy. UM coverage is clearly precluded for an employee occupying his own vehicle when that personal vehicle was not specifically listed/described in the employer’s policy. See Halphen v. Borja, 06-1465 (La.App. 1 Cir. 5/4/07), 961 So.2d 1201, 1211-1212, writ denied, 07-1198 (La. 9/21/07), 964 So.2d 338. In Halphen, as in this case, the injured plaintiff claimed UM coverage under a policy covering vehicles owned by an employer, not the plaintiff, and for which the plaintiff did not pay premiums for liability or UM coverage. Id. at 1209. Thus, even assuming that Ms. Simon may be considered an insured under the employers’ non-ownership liability endorsement in National’s policy, the statutory exception specifically excludes the mandatory UM coverage for bodily injury of an employee occupying a personal vehicle not particularly described in the insurance policy. Upon review, we find- that Ms. Simon’s assignment of error is without merit.
Conclusion
For the stated reasons, the trial court judgment granting National’s motion for summary judgment and dismissing it from the suit is affirmed. All costs of this appeal are assessed to plaintiff/appellant, Kim Simon.
AFFIRMED

. On the date of the summary judgment hearing, this version of La. C.C.P. art. 966(B) was in effect as amended by Acts 2014, No. 187, § 1, effective August 1, 2014. The article was subsequently amended by Acts 2015, No. 422, § 1, effective January 1, 2016.

. Acts 2010, No. 703, § 1, effective January 1, 2011, amended and reenacted La. R.S. 22:1295(l)(e).