TIMOTHY D. KOEHL

VERSUS

RLI INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY,
PACKARD TRUCK LINES, L.L.C., AND
ROBERT T. SALASSI

NO. 22-CA-370

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 758-658, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

May 24, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Robert A. Chaisson

**REVERSED IN PART; AFFIRMED IN PART**

    **MEJ**
    **FHW**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
TIMOTHY D. KOEHL
        Darla L. D'Amico
        Michael J. Almerico

COUNSEL FOR DEFENDANT/APPELLEE,
RLI INSURANCE COMPANY
        Matthew D. Moghis
        William Peter Connick
        Michael S. Futrell

COUNSEL FOR DEFENDANT/APPELLEE,
AXIS SURPLUS INSURANCE COMPANY
        Sarah Smith
        Jessica Z. Barger
        Michael Adams-Hurta

**JOHNSON, J.**

Appellant, Timothy D. Koehl, appeals the 24th Judicial District Court's April 20, 2022 judgment dismissing his claims against Defendants, RLI Insurance Company ("RLI") and Axis Surplus Insurance Company ("Axis"), and granting three summary judgments and a peremptory exception of no right of action in Defendants' favor. For the following reasons, we reverse in part and affirm in part the district court's judgment and remand the case for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On the morning of Saturday, March 14, 2015, Robert Salassi was driving his personally owned vehicle when he struck Koehl's vehicle while turning into the Lowe's parking lot off of Veterans Blvd. in Metairie. Salassi produced an insurance card indicating that his vehicle was insured by RLI Insurance Company ("RLI"). Additional discovery revealed that the RLI policy was a commercial policy issued to Packard Truck Lines, LLC ("Packard"), a heavy-equipment transport company that carries equipment used in the oil industry. Until he passed away in November 2015 from causes unrelated to the accident, Salassi was one of three members/owners of Packard. Salassi's vehicle was listed as a "covered auto" under the commercial auto liability policy that RLI issued to Packard. In addition to the Commercial Auto Liability policy, RLI, as Packard's primary insurer, and AXIS Surplus Insurance Company, as Packard's excess insurer, insured Packard for Trucker's Liability coverage and Commercial General Liability coverage.

On April 13, 2015, Koehl's attorney received an email from a claims adjuster representing RLI stating, "We have accepted liability…" Following this admission, RLI promptly paid for the property damage to Koehl's vehicle.

On March 11, 2016, plaintiff Koehl filed a petition for damages against Salassi, Packard, and RLI. By subsequent amendment to the petition, Axis was named an additional defendant, as was a representative for Robert Salassi's

22-CA-370                                    1

succession.[1] Defendants filed answers to plaintiff's petition denying Koehl's claims.

Multiple motions for summary judgment were filed by the parties seeking determinations on issues of insurance coverage, waiver of affirmative defenses, and vicarious liability. Defendant Packard filed a motion for summary judgment arguing that Koehl could not meet his burden of proving at trial that Salassi was in the course and scope of his employment at the time of the accident, and thus Packard could not be held vicariously liable. The trial court denied all of the parties' motions, and multiple applications for supervisory review were subsequently filed.

On May 12, 2021, this Court granted Packard's writ application, and, upon finding that Salassi was not in the course and scope of his employment at the time of the accident, reversed the trial court's ruling, granted summary judgment in favor of Packard, and dismissed Koehl's vicarious liability claims against Packard with prejudice. *Koehl v. RLI Ins. Co.*, 21-68 (La. App. 5 Cir. 5/12/21), 325 So.3d 1110, 1115. This Court denied relators, RLI, Koehl, and AXIS's applications seeking review of the district court's denials of their respective motions for summary judgment on the issue of insurance coverage and waiver, finding "genuine issues of material fact remain at this time regarding whether RLI waived its coverage defenses."[2] *Koehl v. RLI Ins. Co., et al.*, 20-C-69 C/W 20-C-70 and 20-C-74 (La. App. 5 Cir. 3/29/2021) (unpublished writ disposition). We also declined to exercise our supervisory jurisdiction to review the district court's ruling denying Axis's motion for summary judgment on the basis that Salassi was not

---

[1] Robert Salassi's widow, the late Jamie Fontenot Salassi, was initially named as executrix of her deceased husband's succession. Mrs. Salassi filed an answer to Koehl's first amending and supplemental petition on October 1, 2019 to protect the Succession from default judgment. On August 2, 2021 the district court granted the succession's attorney's Motion to Withdraw as Counsel of Record.

[2] The disposition referenced *Breazeale v. T.T.*, 12-1703 (La. App. 1 Cir. 4/26/13), 117 So.3d 192, 197.

insured under the primary policy, finding no reason to disturb the trial court's ruling at that time.[3] *Id.*

On February 14, 2022, RLI filed the following: 1) a Peremptory Exception of No Right of Action alleging that Koehl had no right of action under the Direct Action Statute in its capacity as the alleged insurer of Packard, as this Court found that Packard was not vicariously liable for Salassi's actions, and RLI could not be held liable in its capacity as Packard's insurer, if Packard had no liability; 2) a Motion for Partial Summary Judgment on No Waiver [of Affirmative Defenses]; and 3) a Motion for Summary Judgment on Coverage. Axis also filed a Renewed Motion for Summary Judgment seeking dismissal from the suit.

After a hearing on the peremptory exception and the motions for summary judgment on March 24, 2022, the district court took the matter under advisement. On April 19, 2022, the district court issued judgment in favor of RLI and Axis dismissing Koehl's claims against them with prejudice. Koehl timely appealed the judgment of the district court.[4]

## ASSIGNMENTS OF ERROR

On appeal, Koehl raises three assignments of error: 1) the trial court erred as a matter of law in granting summary judgment in favor of RLI and Axis on the issues of coverage and waiver, where RLI and Axis made "repeating multiple admissions [ . . .] against their interests[.]" and because there is coverage for the Salassi's vehicle, and none of the policy exclusions, which must be strictly construed, are applicable; 2) alternatively, the trial court erred in granting motions

---

[3] In its Reasons for Judgment, requested by Axis, the district court found:
> Issues precluding summary judgment for any party on the issues raised herein include: Salassi had a proof of insurance card for his vehicle, RLI accepted liability, defended the claim and adjusted the claim and offered payments of some damages, that Salassi was not an insured, was not driving the vehicle in the course and scope of his employment which excluded coverage. RLI did not timely urge the defense of lack of coverage, premiums had been paid and accepted.

[4] An Amended and Supplemental Judgment was entered on October 18, 2022 upon RLI's motion, per this Court's direction to include the proper decretal language to be a valid, final judgment per La. C.C.P. arts. 1918 and 1951. See 22-C-276 (La. App. 5 Cir. 4/19/2022), n.1, (unpublished writ disposition). The writ application was denied in anticipation of the filing of the instant appeal.

for summary judgment when there remain genuine issues of material fact regarding waiver, as stated in this Court's judgment of March 29, 2021. *See Koehl v. RLI Ins. Co., et al.*, 20-C-69 C/W 20-C-70 and 20-C-74 (La. App. 5 Cir. 3/29/2021) (unpublished writ disposition); and 3) the trial court erred in granting the peremptory exception of no right of action because Koehl's petition expressly states a cause of action against the insurer of a "covered auto" under Louisiana's general law of negligence and Compulsory Motor Vehicle Liability Laws, La. R.S. 32:900, 32:861 and 22:126. We consider these assignments of error in our discussion below, addressing first the issue of waiver before proceeding to the discussion of coverage under the insurance policies and the peremptory exception of no right of action.

## LAW AND ARGUMENT

### STANDARDS OF REVIEW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, 882, *citing Duncan v. U.S.A.A. Ins. Co.,* 06–363 (La. 11/29/06), 950 So.2d 544, 546; *see* La. C.C.P. art. 966.

> Appellate courts review grants of summary judgment *de novo,* using the same criteria that govern the district court's consideration of whether summary judgment is appropriate, *i.e.,* whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. The mover bears the burden of proof. La. C.C.P. art. 966 C(2). If the defendant-mover meets this initial burden, the burden of proof then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. If plaintiff does not meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law.

*Bauman v. Iniguez*, 22-88 (La. App. 5 Cir. 12/21/22), 355 So.3d 151, 153, *citing Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773, 776. (Citations

omitted). A motion for summary judgment will be granted "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to material fact, and that

mover is entitled to judgment as a matter of law." *Samaha v. Rau*, *supra.*

> This court reviews an appeal of an exception of no right of
> action *de novo*. Evidence is admissible in support of, or against, the
> exception of no right of action. La. C.C.P. art. 931[.]
>
> The peremptory exception of no right of action tests whether
> the plaintiff has the capacity or legal interest in judicially enforcing
> the right asserted. La. C.C.P. art. 927 A(5)[.] Moreover, an action can
> only be brought by a person having a real and actual interest, which he
> asserts. La. C.C.P. art. 681. An exception of no right of action
> assumes that the petition states a valid cause of action and questions
> whether the plaintiff in the particular case has a legal interest in the
> subject matter of the litigation. The defendant raising the exception
> has the burden of proving the exception.

*3218 Magazine, L.L.C. v. Lloyds of London*, 08-727 (La. App. 5 Cir. 2/25/09), 10

So.3d 242, 243 (Citations omitted).

### *WAIVER*

> Waiver is generally understood to be the intentional
> relinquishment of a known right, power, or privilege. *Tate v. Charles
> Aguillard Ins. & Real Estate, Inc.,* 508 So.2d 1371 (La.1987); *Ledoux
> v. Old Republic Life Ins. Co.,* 233 So.2d 731 (La. App. 3d Cir.), *cert
> denied* 256 La. 372, 236 So.2d 501 (1970); *Peavey Co. v. M/V
> ANPA,* 971 F.2d 1168 (5th Cir.1992); Comment, *Waiver and Estoppel
> in Louisiana Insurance Law,* 22 La.L.Rev. 202 (1961); 16B
> Appleman, Insurance Law and Practice, § 9081 (1981); Couch
> on Insurance 2d, § 35:249 (Rev. ed. 1985). ***Waiver occurs when there
> is*** an existing right, a knowledge of its existence and an actual
> intention to relinquish it or ***conduct so inconsistent with the intent to
> enforce the right as to induce a reasonable belief that it has been
> relinquished.*** *Tate*, *supra*; *Peavey*, *supra*; *Ledoux, supra*; 16B
> Appleman, *supra*, § 9085. A waiver may apply to any provision of
> an insurance contract, even though this may have the effect of
> bringing within coverage risks originally excluded
> or not covered. *Tate, supra.*

*Steptore v. Masco Const. Co., Inc.*, 93-2064 (La. 8/18/94), 643 So.2d 1213, 1216.

(Emphasis added).

> The issue of waiver is complicated because it is interwoven
> with an insurer's duty to defend its insured. If the policy calls for a
> defense of the claim, an insurer has the obligation to provide a defense

> to its insured, even if ultimately the insurers may have no liability under the policy. To protect its own interest, an insurer can simultaneously provide its insured with a defense and contest coverage with its insured. If an insurer has knowledge of facts indicating non-coverage and voluntarily assumes the insured's defense without obtaining a non-waiver agreement to reserve its rights, the insurer effectively waives all such policy defenses.

*Breazeale v. T.T.*, 12-1703 (La. App. 1 Cir. 4/26/13), 117 So.3d 192, 198, *writ denied,* 13-1852 (La. 11/1/13), 125 So.3d 437 (Citations omitted). The insurer's notice of intent to avail itself of the defense of non-coverage must be timely. *Id.* The Louisiana Supreme Court has held that waiver may expand coverage beyond the terms of an insurance policy. *Moreno v. Entergy Corp.*, 17-182 (La. App. 5 Cir. 11/15/17), 233 So.3d 176, 184, *citing Arceneaux v. Amstar Corp.*, 10-2329 (La. 7/1/11), 66 So.3d 438, 451.

It is well established that an insurer is charged with knowledge of the contents of its own policy. *Steptore*, *supra.* "In addition, notice of facts which would cause a reasonable person to inquire further imposes a duty of investigation upon the insurer, and failure to investigate constitutes a waiver of all powers or privileges which a reasonable search would have uncovered." *Cassey v. Stewart*, 31,437 (La. App. 2 Cir. 1/20/99), 727 So.2d 655, 658, *writ denied,* 99-0811 (La. 4/30/99), 743 So.2d 209, *citing Steptore, supra.* Further, "[a]n agent's knowledge obtained within the scope of his employment is imputed to the insurer even though the agent may not have authority to waive policy conditions." Comment, Waiver and Estoppel in Louisiana Insurance Law, 22 La.L.Rev. 202 (1961), *citing* 16B APPLEMAN, INSURANCE LAW AND PRACTICE, § 9081.

"Reliable proof of such a knowing and voluntary waiver is necessary and the burden of producing it, as in the proof of obligations generally, falls on the party who demands performance." *Tate*, 508 So.2d at 1375, *citing* La. C.C. art. 1831. Waiver is usually a question of fact to be determined by the jury or, in a bench trial, by the court. *Highlands Ins. Co. v. Allstate Ins. Co.*, 688 F.2d 398, 404 (5th

Cir. 1982). "When the facts are undisputed, however, waiver is a question of law." *Id.*

In support of his motion for summary judgment, Koehl provided evidence on the issue of whether RLI waived its affirmative defenses. Koehl attached evidence to demonstrate that almost immediately after the accident and months before the initial petition and answers were filed, RLI accepted liability for the accident in the April 13, 2015 email sent by an RLI claims examiner to Koehl's attorney that stated, "We accept liability…" In addition to its admission, RLI promptly paid for the property damage to Koehl's vehicle. Packard later remitted payment to RLI for the exact same amount -- $3,049.56-- that RLI reimbursed Koehl for his property damage claim.

We observe that, "[a]n insurer does not, by virtue of making a payment on a claim, waive the right to assert coverage defenses to a subsequent claim." *Forvendel v. State Farm Mut. Auto. Ins. Co.*, 17-2074 (La. 6/27/18), 251 So.3d 362, 366, *citing American International Specialty Lines Ins. Co. v. Canal Indemnity Co.*, 352 F.3d 254 (5th Cir. 2003) (emphasis omitted). However, a *categorical* admission, followed by prompt payment for physical damages to the vehicle and settlement discussions, may qualify as "conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Steptore*, 643 So.2d at 1216. Upon *de novo* review, we find that there remain genuine issues of material fact as to whether RLI waived its affirmative defenses as to coverage in this case. We further point out Koehl's assertion that he relied on RLI's statement "We have accepted liability" to his detriment, and find summary judgment in favor of RLI on the issue of waiver, is not appropriate. We therefore reverse the judgment of the trial court granting RLI's motion for summary judgment on waiver.

We additionally find that the issue of waiver is inextricably linked to that of coverage. Until a determination on the issue of waiver is made, RLI is not entitled to summary judgment as a matter of law on the issue of coverage. We therefore reverse the judgment of the trial court granting RLI's motion for summary judgment on the issue of coverage.

*COVERAGE PROVIDED BY AXIS POLICY*

Next, we consider whether summary judgment in favor of Axis was proper. This requires us to determine whether the language of the policy provides coverage for the accident and whether there remain any genuine issues of material fact as to Axis' policy coverage and any waiver of coverage defenses. As with RLI, Koehl claims that Axis waived its affirmative defenses by actions taken immediately following the accident. In particular, Koehl points to a March 25, 2015 email from Axis to Koehl's counsel. In the email, sent by the company's assistant vice-president of excess and umbrella claims, Axis only provided information about the policy issued to Packard and advised that they would not be following the claim "because as it stands presently, the value of the claim should not excess the [RLI] primary commercial automobile policy limits of $1,000,000." The letter also invited Koehl to contact the executive if they disagreed with the decision, which he did in May of 2019. Koehl's counsel then advised Axis that Koehl's injuries and claims exceed the underlying RLI policy limits. Koehl also requested additional information about the coverage Axis provided in effect on the date of the accident. Koehl subsequently filed a first amended and supplemental petition which added Axis and Salassi's estate as additional defendants. Axis filed an answer to the original petition and the first amended and supplemental petition on September 27, 2019.

Upon *de novo* review, we find that the evidence provided by Koehl is insufficient to create a genuine issue of material fact as to whether Axis waived coverage.

The excess insurance policy provided by Axis reads as follows, in pertinent part:

> I. **INSURING AGREEMENT**
> 1. The coverage provided by this policy is excess insurance and, except as otherwise stated in this policy, follows the terms, conditions, exclusions, and endorsements of the "first underlying insurance" as shown in Item 8. of the Declarations. Further, this policy will follow any additional exclusions included in any other "underlying insurance". Under no circumstances will this coverage be broader than any "underlying insurance".

The Axis policy explicitly states that the coverage provided by that policy follows the terms, conditions, exclusions, endorsements, and additional exclusions of the "first underlying insurance," provided by RLI. The parties do not dispute that Salassi's vehicle was a "covered auto" under the RLI policy. Axis contends that Salassi was not an "insured" under the RLI policy in effect on March 15, 2015 and, therefore, was not covered at the time of the accident. We agree.

The RLI policy defines "an insured" as follows:

1. Who is an Insured

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

> **(1)** **The owner or anyone else from whom you hire or borrow a covered "auto".**
>
> This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
>
> **(2)** **Your "employee" if the covered "auto" is owned by that "employee" or a member of their household.**

<blockquote>

(3)     Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking, or storing "autos" unless that business is yours.

(4)     Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)     A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.**

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

</blockquote>

(Emphasis added).

An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. *Simon v. State Farm Mut. Auto. Ins. Co.*, 16-46 (La. App. 5 Cir. 9/8/16), 201 So.3d 1007, 1010. Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer's liability and impose and enforce reasonable conditions upon the policy obligations that the insurer contractually assumes. *Id.*; *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191, 196–97.

The language used in the clause above clearly excludes from coverage 1) an owner of a "covered auto" besides the "named insured" – Packard; 2) an employee driving an auto that the employee (or a member of the employee's household) owns; or 5) a member of the "named insured" – Packard's – limited liability company (or a member of that member's household). Although he drove a covered "auto," the auto was owned by Salassi, and not owned, hired or borrowed by Packard for business purposes. Therefore, Salassi, as a member of the Packard limited liability company driving an automobile he owned, would not be a named insured under the policy. Further, courts have found that the same exclusions as

those outlined in Section (1)(b)(1), (2), and/or (5), mentioned above, in circumstances similar to the instant case, are not ambiguous and are also permissible. *See also Etienne v. Nat'l Auto. Ins. Co.*, 99-2610 (La. 4/25/00), 759 So.2d 51; *Carrier v. Reliance Ins. Co.*, 99-2573 (La. 4/11/00), 759 So.2d 37; *Burke v. Thibodeaux*, 98-640 (La. App. 5 Cir. 12/16/98), 726 So.2d 65. "The apparent purpose of the [exclusions] is to provide the named insured protection for liability arising out of the use of such vehicles, *but to preclude coverage for the owner who should have provided liability coverage for his own vehicle.*" *Magnon*, 739 So.2d at 198, *citing* 15 LOUISIANA CIVIL LAW TREATISE, INSURANCE LAW AND PRACTICE, WILLIAM SHELBY MCKENZIE & H. ALSTON JOHNSON, III, § 58, at 164 (2nd Ed.1996) (emphasis in original). Upon *de novo* review, we find that Salassi is excluded from coverage under the insuring agreement, and therefore Axis is entitled to summary judgment as a matter of law on the issue of coverage. Accordingly, we affirm the judgment of the trial court granting the motion for summary judgment in favor of Axis and dismissing Koehl's claims against it with prejudice.

### PEREMPTORY EXCEPTION OF NO RIGHT OF ACTION

Finally, we consider Koehl's assignment of error regarding the district court's judgment sustaining RLI's Peremptory Exception of No Right of Action. RLI urged that Koehl has no right of action against RLI under the Direct Action Statute in its capacity as Packard's insurer. This Court previously found Packard is not vicariously liable for Salassi's alleged tortious acts, and because that claim has been dismissed by a final judgment, RLI argues that it cannot be held liable as Packard's insurer.[5] RLI prayed to be dismissed from the proceeding with prejudice.

---

[5] RLI correctly pointed out that, although Koehl alleged that Packard negligently entrusted the vehicle to Salassi, Salassi owned the vehicle and, thus, argued Koehl had no right of action to assert a negligent entrustment claim against Salassi for Salassi's own vehicle.

Upon *de novo* review, because we found above that Koehl alleged in his petition that RLI waived its defenses on the issue of providing coverage to Salassi and Packard, we find that the peremptory exception of no right of action must be overruled. Moreover, in addition to his vicarious liability claims, Koehl's petition also contains allegations that support causes of action against the defendants in the law of torts and negligence generally. See La. C.C. art. 2315, *et seq*.

### *DECREE*

Considering the foregoing, we find that genuine issues of material fact exist as to RLI's waiver of its affirmative defenses. Accordingly, we reverse the judgment of the district court granting partial summary judgment on the issue of waiver and summary judgment on coverage in favor of RLI. The judgment granting summary judgment in favor of Axis is affirmed. We also reverse the judgment sustaining RLI's exception of no right of action and remand the case for further proceedings consistent with this opinion.

**<u>REVERSED IN PART; AFFIRMED IN PART</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-370

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
DARLA L. D'AMICO (APPELLANT)          MATTHEW D. MOGHIS (APPELLEE)          MICHAEL S. FUTRELL (APPELLEE)
WILLIAM PETER CONNICK (APPELLEE)      SARAH SMITH (APPELLEE)

### MAILED
AARON E. KOENCK (APPELLEE)           RACHEL CHANCE KRAMAR (APPELLEE)       LAM LAUREN A. (APPELLANT)
ATTORNEY AT LAW                      ATTORNEY AT LAW                        ATTORNEY AT LAW
24 GREENWAY PLAZA                    400 POYDRAS STREET                     5 SANCTUARY BOULEVARD
SUITE 1400                           SUITE 1300                             MANDEVILLE, LA 70471
HOUSTON, TX 77046                    NEW ORLEANS, LA 70130

MICHAEL J. ALMERICO (APPELLANT)      JESSICA Z. BARGER  (APPELLEE)
ATTORNEY AT LAW                      MICHAEL ADAMS-HURTA  (APPELLEE)
501 CLEARVIEW PARKWAY                WRIGHT, CLOSE & BARGE, LLP
METAIRIE, LA 70001                   ONE RIVERWAY
                                     SUITE 2200
                                     HOUSTON, TX 77056